This was an action of assumpsit, in which the plaintiff declared, first, on a bill of exchange; secondly, on the indorsement of a constable's receipt for a note put into his hands for collection; thirdly, for money had and received by the defendant to his use. In support of this action the plaintiff produced a constable's receipt in the following words: "Received of Daniel Dickson for Joseph Whitty one note on Joseph M. French for $25, interest from 9 November, 1831, to collect or return as constable. 12 December, 1831. John G. Hadnot." On which receipt was the following indorsement by the defendant to the plaintiff: "Pay the within to Nathan Eason. 6 March, 1832. Daniel Dickson." The plaintiff then introduced a witness, who testified that he passed to the plaintiff a promissory note of the defendant for about $35, and that he afterwards heard the defendant say that he had taken up the note by giving the plaintiff the before mentioned constable's receipt and paying the balance in cash; that at the time he indorsed the receipt he had the judgment, which the constable had obtained on the note placed in his hands for collection, of which he did not inform the plaintiff; (244) that the constable had transferred the said judgment to one Barbee in payment of a gaming debt, and he, the defendant, had taken it from Barbee in a trade for a horse. This witness stated further that Hadnot, at and before the time the constable's receipt bears date, had made an assignment by deed of all his property to one Huggins, and was considered insolvent; that said Hadnot was largely indebted to him for money which he, the witness, had paid as his surety, and that he could not collect the same under an execution which he had caused to be issued *Page 174 
against him. The plaintiff then introduced the clerk of Onslow County Court, who stated that in 1831, when Hadnot gave the receipt in question, he did not appear from the records of the court to have been appointed constable for that year, though he was acting as such, and had been regularly appointed constable the year before, and was again appointed such for 1832. Mr. French, who owed the note placed in Hadnot's hands, was then introduced, and testified that the plaintiff called on him for the money due on it, but he declined paying it to any person except the holder of the judgment, and he afterwards paid it to the defendant. At what time this payment was made the witness did not state. Testimony was then introduced to show that Hadnot ran off and left the country in 1832, insolvent, and had not since returned. He carried off two negroes and a horse, and some of the witnesses thought that small sums of money might have been collected from him up to the time of his leaving the country. It was further proved for the plaintiff that the defendant said, "if he, the plaintiff, had not been in such a hurry to jump upon him, he would have paid him the judgment." For the defendant Mr. Whitty was introduced, who stated that the note placed in Hadnot's hands belonged to him; that he had delivered it to the defendant to be put into some officer's hands to be collected, and that the defendant afterwards (but at what time was not stated) accounted with him for it.
The court instructed the jury upon this case that the plaintiff could not recover on the count for a bill of exchange, because the indorsement of the alleged constable's receipt could not be considered as a bill (245) of exchange; but that, if it could, there was no evidence of it ever having been presented to Hadnot, either for acceptance or payment, which was necessary even if the drawee had no funds in his hands, in order to entitle the payee to recover on it as a bill of exchange. Secondly, that no recovery could be had on the second count, because the indorsement amounted in law at most to a guaranty, upon which it was necessary for the plaintiff to show that he had used due diligence in endeavoring to collect the money from Hadnot, and had given notice of his failure to get the money from him to the defendant, before bringing his suit. Thirdly, that the plaintiff could not sustain the last count for money had and received, because, if, as the plaintiff contended, he might treat the indorsement of the constable's receipt as a nullity, it would remit him to his original cause of action, which would be upon the note which evidenced the debt due him from the defendant. Further, that the money paid by French to the defendant, if paid after suit brought, could not, of course, be recovered in this action; and, if paid before, it was received by the defendant to his own use, under a distinct claim of title in himself on account of his purchase of it from Barbee, or it was received for the use of Whitty, to whom, in truth, it belonged; and in *Page 175 
either case it was not received for the use of the plaintiff. In submission to this opinion the plaintiff permitted a judgment of nonsuit to be entered, and appealed to the Supreme Court.
In every point of view in which this case can be regarded we are of opinion that the plaintiff had no right to recover.
By submitting to a nonsuit it must be understood that the facts testified by the witnesses are admitted to be true, and the sole question is whether, assuming them to be so, the plaintiff could ask for a verdict. Now, it is admitted, and if it were not, it is apparent, because of the reasons stated by his Honor below, that he could not recover (246) on the first or second count in his declaration. It is insisted, however, that he might recover on the third count, because the indorsation made by the defendant to the plaintiff on the constable's receipt concluded him from denying against the plaintiff that the claim in the constable's hands belonged, at the time of such indorsation, to the defendant, and that he thereby assigned all his beneficial interest therein to the plaintiff. When, therefore, the defendant afterwards received payment of this claim, the law raised an assumpsit to pay it over to the plaintiff, as money received for his use. Now, without stopping to inquire into the force of this argument, had the receipt indorsed purported to be for a claim belonging to the defendant, its foundation is taken away when it is seen that the receipt declared that the claim belonged to Whitty, was put into the constable's hands for Whitty through the agency of the defendant, and was to be returned or accounted for to Whitty. Upon an indorsation of such a receipt there is no estoppel or legal conclusion against the defendant that the transaction is not what it purports to be, that is to say, an order by the defendant to pay over to the plaintiff money due to Whitty. When this money is afterwards received by the defendant, the law will indeed raise an assumpsit against him, but it will raise the assumpsit in favor of the person to whom it was due; and upon the evidence it was unquestionably due to Whitty, and not to the plaintiff.
The judgment must be
PER CURIAM. Affirmed.
Cited: Garrow v. Maxwell, 51 N.C. 530. *Page 176 
(247)